UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTON COLBERT, Individually and on Behalf of All Others Similarly Situated,<br><br>                             Plaintiff,<br><br>v.<br><br>RIO TINTO PLC, RIO TINTO LIMITED, THOMAS ALBANESE, and GUY ROBERT ELLIOTT,<br><br>                            Defendants. | No.  17-cv-08169-AT<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR RECONSIDERATION, TO ALTER OR AMEND THE COURT'S ORDER AND JUDGMENT, AND FOR LEAVE TO AMEND** |

## I.      INTRODUCTION

Plaintiff respectfully requests the Court alter the June 4, 2019 judgment and/or provide Plaintiff with an opportunity to amend the complaint as alleging two actionable false or misleading statements.

First, in light of the Court's holding in *Sec. & Exch. Comm'n v. Rio Tinto plc et al.*, No. 17 CIV. 7994 (AT), 2019 WL 1244933 (S.D.N.Y. Mar. 18, 2019) ("SEC Opinion"), where in a related enforcement action, this Court upheld identical securities fraud claims predicated on identical false statements and substantially similar facts alleged in Plaintiff's First Amended Complaint ("FAC").  Justice therefore requires the reversal of the dismissal of this action and that Plaintiff be given an opportunity to conform his pleading with the SEC Opinion.

In the SEC Opinion, issued after briefing on the motion to dismiss in the instant action, the Court sustained securities fraud claims based on Defendant Albanese's statements in November 2012 concerning the Moatize Basin.  *Id*. at **11, 15.  The Court observed that the SEC alleged that after the May 11, 2012 meeting held in Brisbane, Australia, "Albanese was aware that the best information indicated that RTCM had no value and no realistic options for transportation of coal, but he continued to tout it as being 'prospective' and a 'long-term opportunity with the potential to grow beyond 25 million tons of coal per year,' and described the Moatize Basin as a world-class basin coal deposit."  *Id*. at *15.  The Court concluded, "Through these statements, Albanese was 'misrepresenting material facts' to investors. . . . Accordingly, the Court holds that the SEC has alleged all of the required elements for a violation of Section 10(b) and Rule 10b–5(b) thereunder with respect to the Albanese Statements."  *Id*.

Here, the FAC similarly identifies Defendant Albanese's November 2012 statement falsely describing the Moatize Basin "as a long-term opportunity with the potential to grow

beyond 25 million tons of coal per year" as a material misrepresentation to investors.  FAC ¶91.
*See also* FAC Attach. A ¶163 (Complaint, *Sec. & Exch. Comm'n v. Rio Tinto plc et al*., No. 17-
cv-08169-AT-DCF (S.D.N.Y. Oct. 17, 2017) ("SEC Compl.")).  Likewise, the FAC alleges facts
supporting the conclusion that Albanese was aware that the best information indicated that
RTCM had no value and no realistic options for transportation of coal.  FAC ¶¶36, 47-48.  For
the same reasons expressed in the SEC Opinion, Plaintiff should be permitted to proceed on
these well-pled claims.

Plaintiff did not abandon these claims based on Defendants' statements subsequent to
October 23, 2012, including Albanese's statements at the November 2012 investor seminar.  To
the contrary, Plaintiff repeatedly defended these claims in his Opposition.  ECF No. 71 at 15, 43,
55; *Dynamic Concepts, Inc. v. Tri-State Surgical Supply & Equip. Ltd*., 716 F. App'x 5, 16 (2d
Cir. 2017) (vacating judgment concluding that the district court abused its discretion in finding
the claim abandoned where plaintiff's opposition brief made reference to claim).  That the
Opposition may have placed greater emphasis on earlier alleged false and misleading statements
in addressing Defendants' motion to dismiss or did not expressly cite paragraph 91 cannot be
construed as an implicit waiver.  *See In re Edgewell Pers. Care Co. Litig*., No. 16-cv-3371
(KAM) (RLM), 2018 WL 7858623, at *17 (E.D.N.Y. Sept. 4, 2018) ("Plaintiffs' opposition to
defendants' motions to dismiss and strike Count III requesting declaratory relief and Request for
Relief (d) for such relief, though not particularly robust, cannot be characterized as abandonment
because plaintiffs do not fail to respond entirely to defendants' arguments.").  Moreover, as the
Second Circuit has recognized, "[i]f a complaint is sufficient to state a claim on which relief can
be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant
dismissal."  *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000).

Second, Plaintiff also pled actionable statements found in the November 2012 Metal Bulletin African Iron Ore Conference presentation. FAC ¶89. Though the Court rejected these statements on the grounds the FAC failed to allege the Individual Defendants' involvement with these statements, the Court overlooks the fact that Defendant Rio Tinto itself made the statement and is liable for it. *See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc*., 531 F.3d 190, 195 (2d Cir. 2008) ("A plaintiff may . . . allege[] scienter on the part of a corporate defendant without pleading scienter against any particular employees of the corporation."). In any event, Plaintiff can easily cure the identified defect through amendment, which Plaintiff requested in its opposition brief and Defendants did not oppose.

Accordingly, the June 4, 2019 judgment dismissing Plaintiff's claims with prejudice should be altered to reflect that these two statements found in FAC ¶¶89 and 91 are actionable, and/or to allow Plaintiff leave to file an amended complaint within 60 days from the date of the order on this Motion. *See Williams v. Citigroup, Inc*., 659 F.3d 208, 212-14 (2d Cir. 2011) (vacating the judgment and allowing plaintiff leave to amend complaint).

## II.    ARGUMENT

### A.    Reconsideration and the Alteration or Amendment of the Court's Order and Judgment Are Appropriate In These Circumstances

The standard for a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure "is the same as the standard for a motion for reconsideration under Local Civil Rule 6.3."[1] A motion for reconsideration pursuant to either Rule 59(e) or Local Rule

---

[1] *U2 Home Entm't v. Lai Ying Music & Video Trading, Inc*., No. 04 Civ. 1233DLC, 2005 WL 2230454, at *1 (S.D.N.Y. Sept 12, 2005); *Cohen v. Koenig*, 932 F. Supp. 505, 506 (S.D.N.Y. 1996).

6.3 "will be granted if the moving party presents factual matters or controlling decisions the court overlooked that might have materially influenced its decision."[2]  The proper function of a motion for reconsideration is to "call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior proceedings but were somehow overlooked in the Court's decision: in other words, an obvious and glaring mistake."[3]  Within the Second Circuit, "district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice."[4]  It is within the sound discretion of the District Court to grant or deny a motion for reconsideration.[5]  As set forth herein, Plaintiff readily meets the standard for a motion for reconsideration and alteration or amendment of a judgment.

First, this Court previously found in the SEC Opinion that Defendant Albanese's statement in November 2012 that the Moatize Basin was a long-term opportunity with the potential to grow beyond 25 million tons of coal per year was a materially false and misleading statement made with scienter, and thus met "all of the required elements for a violation of Section 10(b) and Rule 10b–5(b)".[6]  The FAC identifies these precise statements as false and alleges the same facts as the SEC supporting falsity, materiality and scienter.  It would be manifestly unjust for the Court to find these statements inactionable here.

---

[2] *Ford v. Ford Motor Company*, Nos. CV-01-4677 9 (CPS), CV-99-5978 (CPS), 2007 WL 777739, at *4 (E.D.N.Y. March 12, 2007).

[3] *M.K.B. v. Eggleston,* No. 05 Civ. 10446 (JSR), 2006 WL 3230162, at *1 (S.D.N.Y. Nov. 7, 2006).

[4] *U2 Home Entertainment,* 2005 WL 2230454, at * 1 (citation omitted).

[5] *Id.*

[6] *See* SEC Opinion, 2019 WL 1244933, at *15 ("The SEC has met this standard with respect to the Albanese Statements. . . .  Accordingly, the Court holds that the SEC has alleged all of the required elements for a violation of Section 10(b) and Rule 10b–5(b) thereunder with respect to the Albanese Statements.").  Compare Compl., ECF No. 60 at ¶¶90-91.

The Court erred in inferring Plaintiff intended to waive all claims predicated on these statements simply because Plaintiff failed to quote from or cite to ¶91.  Plaintiff referred to the November 2012 investor conference throughout the Opposition (ECF No. 71 at 15, 43, 55), and therefore the FAC's allegations in ¶91 should have been incorporated therein.  *Dynamic Concepts,* 716 F. App'x at 16 (2d Cir. 2017) (plaintiff preserved claim where opposition brief incorporated by reference arguments from another brief defending claim).

Second, the FAC pleads actionable false statements in the November 2012 Metal Bulletin African Iron Ore Conference.  FAC ¶89.  The Rio Tinto presentation identifies the RTCM tenements as part of its growth in Africa, when in truth the value basis of the RCTM opportunity had been "killed dead" at least seven months prior to publishing the presentation.  The Court dismissed this statement however, reasoning that "Plaintiff does not allege the Individual Defendants' involvement with these statements at all, or the involvement of anyone else who could have possessed the requisite scienter."[7]  But the statements in the presentation are attributable to Defendant Rio Tinto, even if no Individual Defendant was responsible, "since so dramatic an announcement would have been approved by corporate officials sufficiently knowledgeable about the company to know that the announcement was false."  *Dynex Capital, Inc.*, 531 F.3d at 195.

Moreover, Plaintiffs can easily amend the complaint to cure the identified deficiency.  Specifically, the presentation slide referenced in the FAC ¶89 was, and continues to be accessible on the investor page of Rio Tinto's website, —a fact Defendants cannot dispute. [8]  Rio Tinto's

---

[7] Order at 13-14, ECF No. 79.

[8] *See* Presentation, Alan Davies, Chief executive Diamonds and Minerals, *Metal Bulletin African Iron Ore Conference*, Rio Tinto (Nov. 7, 2012), https://www.riotinto.com/investors/presentations-91_metal-bulletin-african-iron-ore-conference-2235.aspx.

website identified (and still so identifies today) that the presentation was given by top

management of Rio Tinto: Alan Davies, Chief executive of Rio Tinto's Diamonds and Minerals.[9]



In addition, Plaintiff can plead facts showing that the Individual Defendants possessed

the power and authority to control the contents of the Company's website, including investor

presentations thereon.  Indeed, Rio Tinto public filings demonstrate that the Individual

Defendants reviewed and approved these statements, as they encourage investors to visit Rio

Tinto's website.[10]

---

[9] *Id.*

[10] *See e.g.,* Excerpt from 2011 Annual Report, Rio Tinto (Mar. 15, 2012) ("2011 Annual Report"), ECF No. 56-2 at 6 ("Where new project resources or reserves are footnoted as being reported for the first time, additional information about them can be viewed on the Rio Tinto website.")  *See also,* 2011 Annual Report, https://www.riotinto.com/documents/Investors/Rio_Tinto_2011_Annual_report.pdf (last visited June 14, 2019) (directing investors to Rio Tinto's website throughout, including at pp. 14, 52, 68, 70, 73-76, 84, 92, 104, 120, 127, and 129).

Placing a presentation on the investor section of a company website is, alone, sufficient to attribute the statement to the company for purposes of liability under Section 10(b) and Rule 10b–5(b) of the Securities and Exchange Act.  *See, e.g., In re AIG Advisor Grp. Sec. Litig.*, 309 F. App'x. 495 (2d Cir. 2009) (analyzing fraud claim in light of disclosures made on defendant's website); *In re Rocket Fuel, Inc. Sec. Litig.*, No. 14-cv-3998-PJH, 2015 WL 9311921, at *10 (N.D. Cal. Dec. 23, 2015) (finding false product statements made in blog posted on company's website actionable); *Last Atlantis Capital LLC v. AGS Specialist Partners*, 749 F. Supp. 2d 828, 834 (N.D. Ill. 2010) ("it is reasonable for members of the public who trade in options to rely on statements made by options specialists on their public websites, just as it is reasonable for companies maintaining websites to anticipate that current or potential investors might read and rely on website statements.").  Accordingly, Plaintiff can plead sufficient facts to attribute the statements to either the Individual Defendants or Rio Tinto itself.  For these reasons, the Court's judgment should be immediately vacated.  *Williams*, 659 F.3d at 212 ("the Federal Rules of Civil Procedure provide that courts 'should freely give leave' to amend a complaint 'when justice so requires,'" even after entry of judgment).

## B.    Plaintiff Should Be Granted Leave to Amend

Fed. R. Civ. P. 15(a) provides that a court shall grant leave to amend "freely . . . when justice so requires."[11]  Even without a basis under Fed. R. Civ. P. 59(e) or 60(b) to vacate or set aside a judgment, court still must consider a post-judgment Rule 15(a)(2) request for leave to amend.  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).  As the Supreme Court

---

[11] Fed. R. Civ. P. 15(a); *Harrison v. NBD Inc.,* 990 F. Supp. 179, 185 (E.D.N.Y. 1998) *(quoting Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993).

made clear in the post-judgment context, "[Rule 15(a)(2)'s] mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Dismissals for insufficient pleadings, such as here, are ordinarily granted with leave to replead.[12]  In particular, complaints dismissed for failure to plead fraud with the requisite particularity under Rule 9(b), such as here, are "almost always" dismissed with leave to amend.[13]  Moreover, where plaintiffs specifically request leave to amend, and that request is unopposed by defendants, the Court's failure to grant leave to amend is an abuse of discretion unless the amendment would be futile or the plaintiff has acted in bad faith.[14]

In *Luce,* the Second Circuit held that the district court abused its discretion by not granting plaintiffs leave to amend when dismissing a securities action for failure to allege fraud with sufficient particularity.[15]  The Court found that plaintiffs specifically requested, in opposing defendants' motion to dismiss, for leave to amend should dismissal be granted.[16]  It also found that amendment would not be futile as it was the first time leave would be granted, and that the plaintiffs had not acted in bad faith by, for example, making defective allegations after full discovery in a related case.[17]

---

[12] *Stern v. General Electric Co.,* 924 F.2d 472, 477-78 (2d Cir. 1991); *Alnwick v. European Micro Holdings,* Inc., 281 F. Supp.2d 629, 648 (E.D.N.Y. 2003) (granting plaintiffs leave to amend "all of the claims that are dismissed in this decision").

[13] 2A J. Moore & J. Lucas, Moore's Federal Practice, 9.03 at 9-34 (2d ed. 1986); *Luce v. Edelstein,* 802 F.2d 49, 56-7 (2d Cir. 1986); *see also Caputo v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir. 2001) (holding that plaintiffs should have been granted leave to rep lead fraud claims with requisite particularity); *Pross v. Katz,* 784 F.2d 455,459 (2d Cir. 1986) (holding that plaintiff was entitled to leave to amend complaint because it could be cured by appropriate amendment).

[14] *See Luce,* 802 F.2d at 56-57; Caputo, 267 F.3d at 191.

[15] 802 F.2d at 56-7.

[16] *Id.*

[17] *Id.* at 56.

The Court here should have granted Plaintiff leave to amend when it dismissed the Complaint.  Plaintiffs specifically requested leave to amend in their Opposition Memorandum, and Defendants did not oppose this request.[18]  Accordingly, Plaintiffs' request for leave to amend was unopposed.  Likewise, the Court did not find in the Order that amendment would be futile.[19]  In cases where such leave has not been granted, plaintiffs have usually at least been allowed to re-plead fraud with greater specificity.[20]

Leave to amend was also proper because the Court did not find that Plaintiff acted in bad faith in making his claims.  In fact, as described above, the Court has already found that some of the statements that were alleged by both Plaintiff and the SEC *and* not subject to any of Defendant's Statue of Repose claims, were pled sufficiently to state claims under Section 10(b) and Rule 10b–5(b) thereunder.

In sum, the Court should grant Plaintiff leave to file an amended complaint within 60 days from an order on this Motion.[21]

---

[18] *See* Opposition. (ECF No. 71 at 23).

[19] *See Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

[20] *Luce,* 802 F.2d at 56-7.

[21] Plaintiff submits this timeline for amendment is reasonable.  *See Patrick Carter Associates, Inc. v. Rent Stabilization Ass'n of N.Y.C., Inc.,* No. 89 Civ. 7716 (WCC), 1990 WL 195993 (S.D.N.Y. Nov. 28, 1990) (Plaintiff granted 60 days to amend after Court's dismissed claims based on failure to plead fraud with particularity under Rule 9(b)); *Liu v. Real Estate Inv. Group, Inc.,* Nos. 90 Civ. 7751 (RPP), 90 Civ. 7754 (RPP), 1992 WL 73567 (S.D.N.Y. Mar. 26, 1992) (Plaintiffs granted 60 days to file amended complaint after Court concluded that they did not plead fraud with the requisite particularity of Rule 9(b)); *O'Brien v. National Property Analysts Partners,* 719 F. Supp. 222 (S.D.N.Y. 1989) ("Defendants' motions to dismiss the Complaint, pursuant to Fed. R. Civ. P. 9(b), are granted.  Plaintiffs may file and serve an amended complaint within sixty (60) days from the effective date of this opinion.").  *See also Gerber v. Computer Associates Intern., Inc.,* 814 F. Supp. 6 (E.D.N.Y. 1993) (dismissing complaint for failing to conform with the requirements of Rule 9(b) and granting Plaintiff leave to file an amended complaint within 60 days).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court alter the June 4, 2019 judgment by vacating the dismissal of this action with respect to the two statements in FAC ¶¶89 and 91, and/or permit Plaintiff to file an amended complaint within 60 days of entry of an order on this Motion.

DATED:  June 17, 2019                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By    */s/ Reed R. Kathrein*
Reed R. Kathrein (admitted *Pro Hac Vice*)

Danielle Smith (admitted *Pro Hac Vice*)
Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2019, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN
