MANDATE

22-1716
*Colbert v. Rio Tinto PLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand twenty-three.

Present:
DEBRA ANN LIVINGSTON,
*Chief Judge,*
JOSÉ A. CABRANES,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 03 2023

_____

ANTON COLBERT, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

v.                                                          22-1716

RIO TINTO PLC, RIO TINTO LIMITED, THOMAS ALBANESE, GUY ROBERT ELLIOTT

*Defendants-Appellees.*

_____

For Plaintiff-Appellant:          KEVIN K. GREEN (Steve W. Berman, Reed R. Kathrein, Lucas E. Gilmore, *on the brief*), Hagens Berman Sobol Shapiro LLP, Seattle, WA, Berkeley, CA, and San Diego, CA.

1

MANDATE ISSUED ON 10/03/2023

| | |
|---|---|
| For Defendants-Appellees Rio Tinto PLC and Rio Tinto Limited: | MARK A. KIRSCH (Kellam M. Conover, *on the brief*), King & Spalding LLP, New York, NY and Washington, D.C. |
| | Richard W. Grime, *on the brief*, Gibson, Dunn & Crutcher LLP, Washington, D.C. |
| | Jennifer L. Conn, *on the brief* Paul Hastings LLP, New York, NY. |
| For Defendant-Appellee Thomas Albanese: | SARAH LEVINE, (James P. Loonam, Matthew J. Rubenstein, *on the brief*), Jones Day, Washington, D.C., New York, NY., and Minneapolis, MN. |
| For Defendant-Appellee Guy Robert Elliott | GEOFFREY R. CHEPIGA, (Walter G. Ricciardi, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY. |

Appeal from a February 7, 2022 order of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** as untimely.

Plaintiff-Appellant Anton Colbert ("Colbert") brought this putative class action in the United States District Court for the Southern District of New York (Torres, *J.*), alleging that Defendants-Appellants Rio Tinto PLC, Rio Tinto Limited (together, "Rio Tinto"), and two of Rio Tinto's former executives (together with Rio Tinto, the "Defendants") violated §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, as well as Rule 10b-5 promulgated thereunder. *See* 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b–5. Colbert's claims arise out of Rio Tinto's purported coverup of losses arising from its failed investment in Rio Tinto Coal Mozambique ("RTCM"), a 965-square-mile exploratory coal-mining asset in Mozambique. We assume the

2

parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

                                *        *        *

A brief recitation of the procedural history of this case is necessary to explain why we lack jurisdiction over this untimely appeal. After Colbert filed the First Amended Complaint, the district court granted the Defendants' motion to dismiss and subsequently entered a final judgment of dismissal. Colbert then filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which the district court denied. Colbert appealed from both the district court's judgment of dismissal and its reconsideration order. On that first appeal, we expressly affirmed the district court's "June 4, 2019 order"—the judgment of dismissal—and vacated and remanded the district court's "July 29, 2019 order"—the reconsideration order—insofar as it related to a single misstatement (the "long-term opportunity statement") that the district judge ruled could sustain the SEC's securities fraud claims in its parallel enforcement proceeding. *Colbert I*, 824 F. App'x at 6, 12. More precisely, "we vacate[d] and remand[ed] the district court's denial of Colbert's motion for reconsideration to provide the district court an opportunity to address the merits of Colbert's claim that his complaint should be permitted to proceed with regard to this statement." *Id.* at 12. On remand, Colbert urged the court to "simply rule on the existing reconsideration motion, which [was] pending again as a result of the Court of Appeals['s] decision." App'x 214. Thereafter, the district court issued a written decision concluding that Colbert had failed to plead loss causation with

---

[1] We have twice before recounted the subject matter of this dispute, once in a prior appeal in this case and again in a parallel SEC enforcement proceeding that remains pending before the same district judge as in this case. *See Sec. & Exch. Comm'n v. Rio Tinto plc*, 41 F.4th 47, 49 (2d Cir. 2022); *Colbert v. Rio Tinto PLC* ("*Colbert I*"), 824 F. App'x 5 (2d Cir. 2020) (summary order). We incorporate by reference the relevant background in those related writings.

respect to the long-term opportunity statement.   Colbert then noticed this appeal approximately six months after the district court issued its order on remand.

The Supreme Court has made "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."   *Bowles v. Russell*, 551 U.S. 205, 214 (2007).   Generally speaking, pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), "we have jurisdiction only if an aggrieved party appeals within 30 days after a district court issues a final decision."   *Amara v. Cigna Corp.*, 53 F.4th 241, 247 (2d Cir. 2022).[2]   This 30-day time limit applies to motions for reconsideration under Federal Rule of Civil Procedure 59(e).   Fed. R. App. P.  4(a)(4)(B)(ii).   If, however, the federal rules require that a judgment be set forth in a separate document, and the district court does not do so, the judgment is deemed "entered" 150 days after the order in question, at which point the 30-day time to appeal begins.   Fed. R. App. P.  4(a)(7)(A)(ii).   As relevant here, Federal Rule of Civil Procedure 58 requires that a judgment be "set out in a separate document" from the order ending a case, but that "a separate document is not required for an order disposing of a motion" "for a new trial, or to alter or amend the judgment, under Rule 59."   Fed. R. Civ. P. 58(a)(4).

Here, we must determine whether the order on appeal required the entry of a new judgment, so as to trigger the extended timeframe of Federal Rule of Appellate Procedure 4(a)(7)(A)(ii).   If it did, then Colbert's time to appeal began 150 days after the order's entry— that is, July 7, 2022—and this appeal is timely because he filed it on August 5, 2022, within 30 days of this date.   If, however, the order on appeal resolved Colbert's motion for reconsideration, he had 30 days from its entry—until

---

[2] By statute, a civil appeal must be filed "within 30 days."   28 U.S.C. § 2107(a).   Likewise, the federal rules require that a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."   Fed. R. App. P. 4(a)(1)(A).

March 9, 2022—to appeal. Fed. R. App. P. 4(a)(1)(A), (4)(A)(iv). Several features of the record make clear that the district court's order on remand resolved only Colbert's motion for reconsideration and, thus, did not require a separate written judgment. As such, Colbert had 30 days from the entry of the district court's order to file this appeal, which deadline he exceeded by 149 days.

First, the decretal language in our first appeal made clear that we were vacating and remanding only a portion of the district court's reconsideration order. *See Colbert I*, 824 F. App'x at 12 ("Accordingly, we AFFIRM the June 4, 2019 order of the district court" and "VACATE and REMAND in part the portion of [the July 29, 2019] order related to the 'long-term opportunity' statement."). Our ruling in the prior appeal left undisturbed the district court's final judgment of dismissal and remanded the case to address only a portion of the district court's reconsideration decision.

Furthermore, the district court on remand did not purport to reopen the final judgment on the Defendants' motion to dismiss. Rather, the court followed our explicit directive to reach the merits of Colbert's claim predicated on the long-term opportunity statement, an issue Colbert presented for the first time in his motion for reconsideration. *See Colbert v. Rio Tinto Plc*, No. 17 Civ. 8169 (AT) (DCF), 2022 WL 355400, at *2 (S.D.N.Y. Feb. 7, 2022) (explaining that the mandate rule required the district to "only consider whether the 'long-term opportunity' statement is actionable"). Colbert urges that because the district court "DISMISSED" his complaint on remand, this order required a separate judgment. This dismissal, however, did not reopen the final judgment that the district court had issued years prior (and which we affirmed in full), but instead reaffirmed the district court's initial decision to dismiss Colbert's complaint in light of arguments he presented on his Rule 59 motion for post-judgment relief.

Finally, Colbert expressly acknowledged to the district court during the proceedings on remand that only his motion for reconsideration remained pending. After our decision in *Colbert*

*I* issued, the Defendants requested that the district court "set a briefing schedule on Colbert's motion for reconsideration with respect to the long-term opportunity statement." App'x 212. Colbert opposed, arguing that the Defendants' request was "filed on the false premise that the Court of Appeals' order directed that [the district court] entertain a new motion for reconsideration." App'x 213. He stressed that "[t]he only reasonable reading of the opinion and mandate is that *the [district court] should simply rule on the existing reconsideration motion, which is now pending again as a result of the Court of Appeals['s] decision.*" App'x 214 (emphasis added). We agree with Colbert's characterization of the remand order.

It is therefore clear that the order on appeal is from the denial of Colbert's motion for reconsideration. Because the federal rules provide that orders on Rule 59 motions do not require a separate judgment, Fed. R. Civ. P. 58(a)(4), Colbert had 30 days—until March 9, 2022—to file a notice of appeal from the district court's order on remand, Fed. R. App. P. 4(a)(1)(A), (4)(A)(iv). Because he did not notice this appeal until August 5, 2022, this appeal is untimely.

\* \* \*

We have considered Colbert's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** this appeal as untimely.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6